# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff,

v.              No. 2:10-CR-3161 RB

JAVIER TORRES,

   Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Javier Torres's Motion Under Availability Relief [sic] 18 USC § 3582(c)(i)(A) (Doc. 135), and 3582(c)(1)(A) Motion for Reduction in Sentence (Doc. 139). Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the motions are not well-taken and should be **DENIED**.

## I. Background

On August 16, 2011, Torres pled guilty to three counts of a seven-count Superseding Indictment charging, in relevant part, one count of conspiracy to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846; and two counts of distribution of 5 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. (*See* Docs. 45; 73.) On November 29, 2011, United States District Judge Judith C. Herrera sentenced Torres to 151 months imprisonment as to each count with the terms to run concurrently. (Doc. 85 at 3.) His sentence was reduced to 121 months pursuant to an unopposed motion on the basis that the guideline sentencing range was lowered and made retroactive. (*See* Docs. 93–94.)

1

On June 22, 2020, Torres was "released from custody and began living at his mother's residence in Roswell, New Mexico." (Doc. 102 at 1.) Over the next several months, Torres tested positive for methamphetamine a number of times, violating the terms of his supervised release. (*See id.*) Torres's supervised release was modified to include an order to complete inpatient substance abuse treatment, and Torres "agreed and was in favor of this plan." (*See id.*) He entered a detox facility on September 14, 2020, and left "prior to being successfully discharged." (*Id.*) The United States Probation Office noted that Torres's "rate of substance abuse and his attempt to tamper with the urine collection process [was] not acceptable" and found "[h]is adjustment to supervision [was] poor." (*Id.*)

The Court issued an arrest warrant after Torres left treatment. (*See* Doc. 104.) Torres was arrested on August 18, 2021. (*See United States v. Torres*, 21-cr-1537, Doc. 42 ¶ 14.) During his arrest, law enforcement saw Torres "throw[] a fully loaded 22-caliber firearm to the ground." (*Id.*) After his arrest, Torres "made multiple phone calls to his girlfriend," daughter, and mother, "and used coded language to discuss firearms." (*Id.* ¶ 17.) Law enforcement later executed a search warrant at Torres's daughter's house and found additional firearms, ammunition, methamphetamine, and other contraband. (*See id.* ¶¶ 13, 18.) Torres was indicted on one count of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g), pled guilty, and was sentenced to 57 months imprisonment. (*See* 21-cr-1537, Docs. 16; 40; 48.[1])

Torres's anticipated release date from the sentence imposed in 21-cr-1537 is September 3, 2025. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Oct. 1, 2023). He now moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence. (Docs. 135; 139.) He argues that extraordinary and compelling reasons warrant a sentence reduction because of his

---

[1] The United States notes that although Torres filed his motion for compassionate release in 10-cr-3161, this was error, as he is currently incarcerated pursuant to the 57-month sentence imposed in 21-cr-1537. (Doc. 138 at 1 n.1.)

health conditions, the COVID-19 pandemic, and because his daughter needs heart surgery. (Docs. 135 at 1–2; 139 at 6–7.) He also seeks a sentence reduction under Sentencing Guideline Amendment § 4A1.1(e).

## II.    Discussion

Torres seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Torres filed a request for compassionate release based on "medical conditions, COVID-19, lockdowns, conditions of confinement, family circumstances, and rehabilitations" [sic] on February 1, 2023. (*See* Doc. 138-3.) The Government states that although "Torres failed to wait 30 days from that date to file the instant motion[,]" it waives any objection. (Doc. 138 at 6.) Torres filed a second request for compassionate release on August 13, 2023, on the basis of family circumstances. (Doc. 139 at 7.) The Government also waives the exhaustion requirement with respect to Torres's second motion. (*See* Doc. 142 at 6.)

### A.    Torres's health conditions, in light of the COVID-19 pandemic, do not warrant a sentence reduction.

Torres argues that his health conditions, particularly in light of the COVID-19 pandemic,

present extraordinary and compelling circumstances that compel a sentence reduction. (*See* Docs. 135 at 1–2.) Torres asserts that he has shortness of breath, his legs are in constant pain, he has trouble walking and sleeping, and he has poor circulation that causes his legs to swell. (*Id.*) The Government obtained Torres's medical records, which show that he receives medication for sciatica/polyneuropathy and hypertension. (*See* Doc. 143 at 1–2.) It appears that Torres is seen regularly by medical staff, and he presents no evidence to show that his health is not being well-managed.

Moreover, Torres has received one dose of the Johnson and Johnson COVID-19 vaccine and refused a later dose of the Moderna vaccine. (Doc. 138 at 13 (citing Doc. 138-2).) Declining a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances for a sentence reduction. *See, e.g.*, *Untied States v. Baeza-Vargas*, No. CR-1000448010 PHX/JAT, 2021 WL1250349, at *3 (D. Ariz. Apr. 5, 2021). Finally, it appears that Sheridan FCI currently only has one positive case of COVID-19 at the facility, making any risk to Torres from COVID-19 minimal at this time. *See BOP COVID-19 Statistics*, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited Oct. 1, 2023). The Court finds that compassionate release is not warranted on the basis of health issues or the pandemic.

**B.     Torres has not established that his family circumstances warrant compassionate release.**

Torres seeks compassionate release because his daughter is going to have heart surgery. (*See* Docs. 139 at 7; 141.) Torres provides no evidence, however, to support his claim or to establish that he is the only available caregiver available to care for his daughter. *See, e.g.*, BOP Program Statement § 5050.50(5)(a). Although the Court empathizes with Torres's desire to be present for his daughter's surgery, his bare claim, without more, is insufficient. The Court will deny the motion on this basis.

**C.      The Court will deny a reduction under Sentencing Guideline Amendment § 4A1.1(e).**

Finally, Torres asks the Court to allow him the benefit of the amended sentencing guideline regarding criminal history points in U.S.S.G. § 4A1.1(e), which takes effect November 1, 2023, and will work to limit the impact of criminal history status points. (*See* Docs. 139 at 5; 142 at 15.) *See also Amendments to the Sentencing Guidelines*, at 77 available at https://www.ussc.gov/ sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (Apr. 27, 2023). Torres received two criminal history "status points" because he committed the offense in this case while under a criminal justice sentence. (*See* 21cr1537, Doc. 42 ¶ 45.) Under the amended sentencing guidelines, Torres would not receive these two points. *See Amendments to the Sentencing Guidelines*, at 77 ("Offenders with six or fewer criminal history points . . . will no longer receive 'status points.'"). (*See also* PSR at 16 (assigning a criminal history score of six).) Torres's sentencing range was 46–57 months. With the benefit of the amendment, it would be 37– 46 months.

As the Government notes, however, eligibility for a reduction "is not the end of the inquiry." (*See* Doc. 142 at 16–17.) Section 1B1.10 provides the policy statement for retroactive guideline amendments. U.S.S.G. § 1B1.10. "The application notes to the policy statement give shape to the court's discretion and state that the court shall consider the factors in § 3553 and the nature and seriousness of any threat to public safety in determining whether a reduction is warranted." *United States v. Collazo*, No. 09-CR-2621 JAP, 2020 WL 601943, at *2 (D.N.M. Feb. 6, 2020) (quoting *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012) (quoting § 1B1.10 cmt. n.1(B)) (quotation marks omitted). As the Court explains below, even if Torres had demonstrated extraordinary and compelling circumstances warranting a sentence reduction, the

Court finds that the relevant factors counsel against a reduction in this case. Consequently, the Court declines to exercise its discretion to apply the amendment to reduce Torres's sentence.

### D.       The relevant factors weigh against a reduction.

In addition to finding that an extraordinary and compelling reason exists for a sentence reduction, § 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

Section 3553 requires courts to "impose a sentence sufficient, but not greater than necessary," in consideration of the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Under section 3142, courts must consider:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

The Government argues that Torres's recidivist criminal history and offense conduct demonstrate that he would pose a public safety threat if his sentence were reduced. (Doc. 142 at 18.) The Court agrees. The PSR shows that Torres has, *inter alia*, criminal convictions for battery against a household member; resisting, evading, or obstructing an officer after he fled from an officer in a car and on foot; cruelty to animals; possession of a firearm after a domestic violence conviction; and distribution of methamphetamine, a charge which also involved firearms. (*See* PSR ¶¶ 38–40, 42–43.) Torres has admitted to gang activity. (*Id.* ¶ 47.) The PSR states that Torres "did not adjust well to incarceration and incurred multiple disciplinary infractions for possessing alcohol or drugs [and] dangerous weapons[ for] assault" while incarcerated. (*Id.* at 15, 27.) And as discussed above, Torres returned to substance abuse while on supervised release and absconded from treatment. (*See id.* ¶ 97.) Torres has repeatedly exhibited dangerous and violent conduct, and he fails to mount any effective argument to show that a sentence reduction would reflect the seriousness of his offense, promote respect for the law, or protect the public. *See* 18 U.S.C. §§ 3553(a)(2).

The Court encourages Torres to continue working toward improving his chances of a successful transition to life after incarceration through classes and substance abuse counseling.

**THEREFORE**,

**IT IS ORDERED** that Torres's Motion Under Availability Relief [sic] 18 USC § 3582(c)(i)(A) (Doc. 135) and 3582(c)(1)(A) Motion for Reduction in Sentence (Doc. 139) are **DENIED**.

ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE